United States District Court

Eastern District of California

Patrick William Banks,

     Petitioner,            No. Civ. S 05-0797 MCE PAN P

  vs.                      Findings and Recommendations

Mark Shepherd,

     Respondent.

-oOo-

Petitioner filed a petition for writ of habeas corpus. It is clear from the petition he has not exhausted state judicial remedies prior to bringing this suit. A habeas petition is pending in the California Supreme Court.

Before a state prisoner may bring a federal habeas corpus action, he must exhaust state judicial remedies by presenting his claims to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

1     Rule 4, Rules Governing Section 2254 Cases in the United
2 States District Courts, provides "[i]f it plainly appears from
3 the face of the petition . . . that petitioner is not entitled to
4 relief in the district court, the judge shall make an order for
5 its summary dismissal . . ."  The petition plainly reveals
6 petitioner is not entitled to relief.

7     Accordingly, the court hereby recommends this action be
8 summarily dismissed for failure to exhaust state judicial
9 remedies.  <u>See</u> Rule 4, Rules Governing Section 2254 Cases in the
10 United States District Courts.[1]

11     Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
12 findings and recommendations are submitted to the United States
13 District Judge assigned to this case.  Within 20 days after being
14 served with these findings and recommendations, petitioner may
15 file written objections.  The document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations."

---

[1] A federal application for habeas corpus must be filed within one year after your conviction becomes final.  28 U.S.C. § 2244(a)(1)(A).  In California a conviction becomes final 90 days after the California Supreme Court denies a petition for direct review.  <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir. 1999).  The one-year period does not include the time when an application for state collateral review is pending in the state courts.  28 U.S.C. § 2244(d)(2); and see <u>Carey v. Saffold</u>, 536 U.S. 214 (2002).  The one-year period also does not include delay caused by extraordinary circumstances beyond your control that make it impossible to file on time.  <u>Miles v. Prunty</u>, 187 F.3d 1104 (9th Cir. 1999).  There is no assurance this court will ever review your claims because the limitation period already may have expired or it may expire before you present your claims to the state court or after its decision but before you return to this court.  You must not delay any required step.

1 | The district judge may accept, reject, or modify these findings
2 | and recommendations in whole or in part.
3 |     Dated: April 26, 2005.

                                       /s/ Peter A. Nowinski
                                     PETER A. NOWINSKI
                                     Magistrate Judge